# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| KIMERLY SHRA COLLINS-PRINCE, | No.  60215-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| WILLIAM PRINCE, JR. | |
| Appellant. | |

PRICE, A.C.J. — William Prince Jr. appeals the superior court's order denying his motion to revise the commissioner's final child support orders, arguing that the superior court erred by refusing to consider his request for a deviation in calculating the amount of child support.  Prince also argues that the superior court erred by denying his request to be reimbursed for overpaid child support because the child's mother, Kimerly Collins-Prince, failed to disclose her changed income. We affirm.

## FACTS

Prince and Collins-Prince were married in 1998.  In 2022, while living in Hawaii, they divorced.  Collins-Prince was granted primary residential custody of their minor child, C.P.  The Hawaii court ordered that Prince pay monthly child support in the amount of $1,684.  The Hawaii order also imputed Collins-Prince's income at $9,000 per month and required the parties to provide notice of changed income:

> In the event either Party changes employment or his or her income changes by more than 10% from the income used to calculate the current support ([Prince's] most recent [Leave and Earnings Statement] and [Collins-Prince's] representation to Court that she makes $9,000.00 per month), the Party with the changed income shall notify the other Party and the Child Support Enforcement Agency within 30 days of the change.

Sealed Clerk Papers (CP) at 9.

In March 2024, Collins-Prince registered the Hawaii order with the Pierce County Superior Court. In June, Prince filed a petition to modify child support. Relevant to this appeal, Prince requested that his child support obligation be modified because Collins-Prince's income had allegedly increased and because he had remarried and now supported a household that included four children. Prince also alleged that Collins-Prince failed to comply with the Hawaii order by not disclosing her increased income, and he requested "credit for the child support that I have overpaid over the years . . . ." CP at 154.

The child support worksheets that Prince included with his petition calculated Prince's presumptive child support obligation at $1,028.74. Prince also calculated a proposed deviation for his presumptive child support obligation based on the whole family formula.[1] With the deviation, Prince proposed his new monthly child support payment should be calculated at $457.80.

Prince failed to provide financial documents supporting his initial child support worksheets, so the hearing on the petition to modify child support was continued to September.

---

[1] The whole family formula or whole family method is used by the Department of Social and Health Services to calculate child support obligations for parents with children in more than one household. *In re Marriage of Bell*, 101 Wn. App. 366, 374, 4 P.3d 849 (2000). The court may, but is not required to, use the whole family method as a guide when considering requests for deviations from the standard child support calculations. *Id.* at 375.

On September 5, 2024, prior to the rescheduled hearing, Prince filed updated financial declarations. Prince's gross monthly salary was $15,391.55, and Collins-Prince's gross monthly salary was $11,403.90. After accounting for additional income and deductions, Prince's net monthly income was $14,896.66, and Collins-Prince's net monthly income was $8,711.64. Using the information on Prince's financial declaration, Collins-Prince filed updated child support worksheets that calculated Prince's standard presumptive child support payment at $1,022.45. Collins-Prince opposed Prince's proposed deviation to the presumptive child support amount because the additional children in his home were his stepchildren and not his biological children.

At the hearing, the superior court commissioner asked Prince to clarify whether the other children in his household were his biological children, which the commissioner suggested was required before they could be considered:

> I had a couple of clarifying questions. [Counsel], I believe your client was asking for a whole family mediation [sic] for other children in his household. Are those his biological children?
>
> [Counsel]: Your Honor, I do not know that for sure. My understanding is that he is financially responsible for those children.
>
> The Court: Are they his biological children? There has been an assertion they're his stepchildren.
>
> [Counsel]: Your Honor, I—all I know is that my client has told me that he is responsible for those children.
>
> The Court: Okay. *I won't be able to even consider that unless we know with a verity that they're his biological children.*

Verbatim Rep. of Proc. (VRP) at 3-4 (emphasis added).

Prince then presented his additional requests for modification, which included his argument that he should be given credit for overpayment of child support based on Collins-Prince's failure to comply with the Hawaii order's requirement to disclose increased income.

In their oral ruling, the commissioner found there was no basis either for Prince's request for a whole family deviation or for Prince to receive credit for an overpayment:

> There is no basis under law to allow him a whole family deviation. The only evidence before the Court is that he's remarried and he has stepchildren. There's no disclosure of his wife's income, her child support receipt, nothing at all, so there is no basis to order a whole family deviation.
>
> I will find that the mother's net income, $8,711, which is right in line with the child support order from Hawaii, which says that she makes $9,000 a month, so there is not a basis to retroactively modify child support because her income is not different than the amount reflected on that order.

VRP at 19.

The commissioner entered a written child support order adopting the presumptive child support from Collins-Prince's child support worksheets: $1,022.45. Consistent with the commissioner's comments during the hearing, the written order said that Prince could only request a deviation for supporting *biological* children; the order stated, "The children that Mr. Prince currently provides support are not his biological children and the Court cannot consider Mr. Prince's request for a whole family deviation." CP at 233. The commissioner also entered a written finding that there was no basis for overpayment because Collins-Prince's income was the same as represented in the Hawaii order.

Prince filed a motion for reconsideration, which was denied by the commissioner. Prince then filed a motion to revise the commissioner's orders. In his motion to revise, Prince relied on

*In re Marriage of Zacapu*,[2] to argue that child support deviations could be based on supporting stepchildren.[3] Prince did not include or identify any additional financial information regarding his spouse's income or finances, or any additional information related to child support obligations related to the stepchildren. The motion to revise was denied with a simple order. Prince appeals.

ANALYSIS

Prince makes two arguments: (1) that the superior court erred by failing to properly consider his request for a child support deviation, and (2) that the superior court abused its discretion by denying his request to be reimbursed for overpayment of child support for Collins-Prince's failure to disclose her change of income.

I. LEGAL PRINCIPLES

On a motion to revise, "the superior court reviews both the commissioner's findings of fact and conclusions of law de novo based upon the evidence and issues presented to the commissioner." *State v. Ramer*, 151 Wn.2d 106, 113, 86 P.3d 132 (2004). "[T]he findings and orders of a court commissioner not successfully revised become the orders and findings of the superior court." *Maldonado v. Maldonado*, 197 Wn. App. 779, 789, 391 P.3d 546 (2017). On appeal, we review the superior court's decision, not the commissioner's decision. *In re Marriage of Stewart*, 133 Wn. App. 545, 550, 137 P.3d 25 (2006), *review denied*, 160 Wn.2d 1011 (2007).

We review the superior court's child support orders for an abuse of discretion. *In re Marriage of Fiorito*, 112 Wn. App. 657, 663-64, 50 P.3d 298 (2002). A superior court manifestly

---

[2] *In re Marriage of Zacapu*, 192 Wn. App. 700, 368 P.3d 242 (2016).

[3] Prince also asserted, without any citation to legal authority, that the military imposed a duty to support his stepchildren.

abuses its discretion when its decision is outside the range of acceptable choices given the facts and the applicable legal standard, the superior court's decision is based on an incorrect standard or improper facts given the correct standard, or the court's factual findings are unsupported by the record. *Id.* at 664. We will not substitute our judgment for the superior court's when the record shows that the superior court considered all relevant factors and the order is not unreasonable under the circumstances. *Id.*

II. CHILD SUPPORT DEVIATION

Prince argues that the superior court abused its discretion by summarily denying his request for a deviation based on the fact that the children in his household were not his biological children. We agree.

Washington's child support statute is intended to ensure that "child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living." RCW 26.19.001. The presumptive amount of child support is calculated based on the parents' net monthly income. RCW 26.19.020. RCW 26.19.075(1) provides for a non-exclusive list of deviations from the presumptive standard calculation, including for children from other relationships:

> The court may deviate from the standard calculation when either or both of the parents before the court have *children from other relationships to whom the parent owes a duty of support*.

RCW 26.19.075(1)(e) (emphasis added).

When considering a child support deviation for children from other relationships, the court must consider any child support obligations related to the children. RCW 26.19.075(1)(e)(iv) ("All child support obligations paid, received, and owed for all children shall be disclosed and

6

considered."). Further, the court must consider the income and financial resources of a party's new spouse. RCW 16.19.075(2) ("All income and resources of the parties before the court, new spouses or new domestic partners, and other adults in the households shall be disclosed and considered as provided in this section.").

This court has held that the plain language of RCW 26.19.075(1)(e) is not limited to biological children, but rather applies to any children " 'to whom the parent owes a duty of support.' " *In re Marriage of Zacapu*, 192 Wn. App. 700, 706, 368 P.3d 242 (2016). The duty of support in RCW 26.19.075(1)(e) requires showing " 'the existence of a judicially enforceable support obligation concerning [children from other relationships].' " *Id.* (alteration in original) (quoting *In re Parentage of O.A.J.*, 190 Wn. App. 826, 835, 363 P.3d 1 (2015)). In *Zacapu,* the court determined that, under Washington statutes, stepparents can have a judicially enforceable legal obligation to provide for the family and education expenses of stepchildren,[4] and therefore, child support deviations can be based on supporting minor stepchildren. *Id.* at 707.

Here, because the superior court was deciding Prince's motion to revise, the superior court performed a de novo review of Prince's request for a child support deviation. Although Prince cited to *Zacapu* in his motion to revise, *Zacapu* was based on a Washington statute that created a judicially enforceable obligation on parents and stepparents in Washington. Prince provided no information, either before the commissioner or in his motion to revise, that established he had a judicially enforceable obligation to support his stepchildren in New Jersey. Further, Prince

---

[4] RCW 26.16.205 provides, in part, "[t]he expenses of the family and the education of the children, including stepchildren, are chargeable upon the property of both spouses or both domestic partners, or either of them, and they may be sued jointly or separately."

provided no information about his spouse's income or resources or any child support obligations related to the stepchildren.

Thus, Prince failed both to establish a judicially enforceable obligation to support the stepchildren as required for the court to consider a deviation under RCW 26.19.075(1)(e) and to provide the court with the information required to consider such a deviation. Accordingly, the superior court properly reached the correct result: that Prince failed to establish a basis for a child support deviation.[5]

III. REIMBURSEMENT FOR OVERPAYMENT

Prince also argues that the superior court abused its discretion by denying his request for reimbursement for overpayment of child support based on Collins-Prince's failure to disclose her income. We disagree.

Washington law does not allow for reimbursement of overpaid child support based on changes to the parties' income. *See* RCW 26.09.170(1)(a).[6] Rather, the child support statutes limit reimbursement to overpayment for child support that was court ordered to pay for daycare or special child rearing expenses that were not actually incurred. RCW 26.19.080(3). Generally, the remedy for a change in income is to petition for a modification, not to seek reimbursement for

---

[5] We note that it may have been prudent for the superior court to have revised the commissioner's written order, which indicated that RCW 26.19.075(1)(e) applied only to biological children, but because the superior court reached the correct result after de novo review of the issue, there is no reversible error.

[6] RCW 26.09.170(1)(a) requires modifications to child support orders to be prospective:

> Except as otherwise provided in RCW 26.09.070(7), the provisions of any decree respecting maintenance or support may be modified: (a) Only as to installments accruing subsequent to the petition for modification or motion for adjustment . . . .

alleged overpayment. *See* RCW 26.09.170(5)(a) (modification for substantial change in circumstances), (9)(a)(i) (modification after 24 months based on changes to income).

Nevertheless, Prince claims that he was entitled to reimbursement because Collins-Prince violated the Hawaii order provision requiring the parties to disclose changes in their income and the violation resulted in Prince overpaying child support. However, while the Hawaii order requires the parties to disclose a change of income, it does not provide for repayment of overpaid child support in the event a party fails to comply with the provision. Therefore, even if there was a violation of the order, the Hawaii order on its face does not support the request for reimbursement for overpaid child support. To the extent that Prince was seeking remedial or punitive sanctions for violation of a court order, he failed to initiate any contempt proceedings. *See* RCW 7.21.010. And in any event, the superior court found that there was no substantial difference in the $8,711.64 net income used to calculate Collins-Prince's Washington obligation and the $9,000 used by the Hawaii court.[7]

Because Prince has failed to show that violation of the Hawaii order supports his request for reimbursement for overpaid child support, the superior court did not abuse its discretion in denying Prince's request for reimbursement for overpayment of child support.

CONCLUSION

The superior court properly denied Prince's motion to revise the commissioner's child support orders. Accordingly, we affirm.

---

[7] Moreover, the difference between $9,000 and $8,711 is not a change of 10% as required by the terms of the Hawaii order. To the extent Prince relies on Collins-Prince's *gross* income to show a change in income of more than 10%, gross income is not used to calculate child support obligations. *See* RCW 26.19.020.

No. 60215-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, A.C.J.

We concur:

MAXA, J.

CRUSER, J.